Thank you everybody. We'll turn now to Appeal 22-1666, Jane Doe v. Mark Lindell, and Mr. Mecitelli will recognize you first. May it please the court, opposing counsels, ladies and gentlemen. An important factor in this case at bar today is the concept of due process. It's more than a concept, it's a constitutional right, and that right is to have disputes settled by a fair, unbiased, trier effect by a jury or by a judge, depending upon the type of case. The case at bar is a domestic relations case, which automatically puts up the red flag. Federal courts don't want to get involved in state court proceedings. They want to follow the known concepts of the case. I ask the court to take into special consideration those concepts, but also the phrase extraordinary circumstances, because every rule there's an exception. In the case at bar, there's a substantial amount of extraordinary circumstances or facts that point toward public corruption, fraud, bad faith, bias, and harassment present in the domestic relations court that deny the litigants their opportunity to due process and to have their facts decided by an unbiased, fair, trier effect. I ask the court to take into consideration that throughout the defendant's brief, these extraordinary circumstances and all the cases that are cited never is public corruption discussed, and that's a huge problem. I ask this court to take into consideration the fact of public corruption that has been pled throughout this particular case, and I bring this to the federal court not to change the state court judgment, but to seek damages for those due process violations, the rights to a parent to have the care and control of their children, their household, not to be interfered with by the government by fraud. And I ask the court also to take into consideration certain court cases, the distinguishing factors between Rooker-Feldman and abstention. A lot of cases say, well, Rooker-Feldman doesn't apply in these circumstances, but we can apply abstention because there's that long, long rule that federal courts do not get involved in state court proceedings when there's an issue of importance to the state. However, let's take into consideration the fact that do we want corrupt courts? No. Whose duty is it then to enforce the constitutional rights of litigants and to limit the public corruption that is present in the state courts? And I believe in this particular case, it's clear. The plaintiff has stated numerous facts that are specific and pure speculation. There are no facts that support the plaintiff's allegations, which I would state is completely wrong. There's a substantial reliance on J.B. or Woodard case, which enforces the abstention doctrine to an extreme. However, there's never once been a discussion in those cases about public corruption and fraud. And in this case at bar, the substantial facts that are important. Why is that important? Well, the matter to dismiss in this case was brought pursuant to rule 12B1, jurisdictional argument. We can look outside the complaint. We can determine whether or not there are certain circumstances and facts that point toward those extraordinary circumstances. I ask the court to take into consideration that extraordinary circumstances mean those facts that unfair adjudication of fact. And in this case, the facts that I have pled, or sorry, that the plaintiff has pled goes on to explain. There are a significant amount of facts that show the facts that occurred in this case are extremely unusual, extremely unfair. There are numerous tests that the plaintiff has taken on her own to show that the test that was relied on, the hair test that was relied on by the domestic relations court in June of 2019 to strip her of her rights to her children was wrong. But counsel, why aren't those issues more popular before the state appellate court versus before the district court here in the Northern District of Illinois? If you are contesting the appropriateness of the procedures or the impropriety of the findings, what have you, why can't you just appeal it? You can, Your Honor, and I have. And the problem is the response from the second district appellate court has been one to side with that public corruption and to enforce it. What has happened in that particular case is my appeal has been dismissed. And I went back on motion to reconsider. And the motion to reconsider was granted recently in October. And there was an end sentence that said, yeah, we're going to give you a chance to plead your case. However, the defendant should look to rule 375 sanctions if you have not proven your case. And again, Judge, if we're going to have facts that a trier of fact must determine what they mean, must be unbiased, must be fair, cannot be biased and cannot be unfair. And that's what I have here. I've got threats. In addition, an order was entered in September 30th, 2022, that because my complaints, the indirect civil contempt, criminal contempt motion that I brought was frivolous. I've been fined 12,000, almost $13,000 in attorney's fees as a sanction. You're right. I should have the right to a state court adjudication, but I don't. And Judge Posner explained that in the Lobser case, L-O-U-B-E-R-S case, where a lot of judicial discussion is whether or not it means that because of the Feldman doctrine, you know, it dealt with the Feldman, that case dealt with the Feldman doctrine, but it didn't because Judge Posner explains it The fact that everybody has a right to go to the state Supreme Court is a fallacy. It is not true. Personally, I've asked for review of the Supreme Court in numerous cases, and I have never once had the opportunity to argue before the Supreme Court. And I asked the court to take into consideration that fact. That's why I'm here. That's why my plaintiff and myself are arguing these points to this court. And have you filed a petition for hearing before the Illinois Supreme Court with regard to any of these issues? I have not as of yet because I'm still in the appellate court. But Judge, time is passing and my client hasn't seen her kids. She is a licensed medical doctor who is a board certified psychiatrist, was the head of a local prominent hospital for They've been ignored in the state court. I've been sanctioned for frivolous pleadings when I have support from an expert, Dr. Ellen Wu from San Francisco, that the test that was relied on to deny my client's constitutional rights was flawed. And nobody, nobody in the state court is listening. They are fining me and issuing sanctions against me. And that's what I asked this court to take into consideration. None of the cases that we cite to discuss how this public corruption is something that is present in the court, state courts, and needs to be put an end to. Graylord was a great thing in the 1980s. That's a problem too. This court has to start looking at civil damages, not just criminal contempt. There's questions about whether or not judges who reach agreements in back rooms with defendant litigants have a right to absolute judicial immunity because the decision that they're making is involved in their case. These things have to stop. This is not my only case in the domestic relations court. Since I filed the two appeals here in the Seventh Circuit, I've received over 50 telephone calls from individuals throughout the United States asking for justice. And if we continue to ignore state court public corruption because of abstention, it just is not a good end. I will take one more minute. Thank you. Thank you, Mr. Matchatelli. We'll now move to counsel for the apple, Ms. Catalano. May I please the court, Amanda Catalano, on behalf of all of the defendants. This case asks whether a federal plaintiff can attack an ongoing state court child custody proceeding based on nothing but unadorned speculation of state court corruption. And the answer of course is no. The federal courts cannot be open to anyone who makes vague and conclusory allegations of state court corruption without a shred of evidence to support those claims. Allowing unsuccessful litigants to march into federal court based on nothing but their own belief that the state court proceedings must have been corrupt because they're disappointed with the results there is directly contrary to the principles of equity, comedy, and federalism that underlie the federal abstention doctrines. And this case provides a textbook example of why federal courts should abstain in these situations. Mr. Matchatelli has admitted just now that the plaintiff essentially has form shopped her claims from state court to federal court and back. She's raised the same allegations and multiple pleadings in multiple courts with one clear goal to change the course of the ongoing child custody proceedings. She should not be permitted to pursue her claims here in federal court, especially because a federal judgment here would interfere with child custody matters. That is an area of the law that is squarely within the state's domain. This court can affirm the district court's ruling on at least two jurisdictional bases, younger abstention and the principles set forth in the J.B. v. Woodard case, which is nearly identical to this case. Do you have a preferred route as between those two that you think this court, you're advocating for this court to take between younger and J.B. v. Woodard? I don't, Judge Brennan. I think that they both apply and I think it makes sense that the district court started with younger abstention because that is a traditional abstention doctrine and our case fits that doctrine certainly. So I can address younger or Woodard in either order if the court has a preference. Let's talk about younger. Okay. So we know, of course, that younger is based on the premise that federal courts can't interfere with ongoing state judicial proceedings because, of course, there's a presumption that state courts operate consistently with the requirements of the Constitution. That presumption can't be overcome unless a plaintiff comes forth with unambiguous evidence to the contrary. We certainly don't have that here. There's a number of factors that go to whether younger abstention is proper. The plaintiff concedes most of those factors. Really the only factor in dispute here is whether extraordinary circumstances exist and certainly here they don't. This is a really important point. The plaintiff must actually demonstrate the existence of extraordinary circumstances. They don't exist just because a plaintiff says they do and here the plaintiff essentially argues for the application of the bad faith exception to younger but offers nothing, literally nothing, to support those claims, just conclusory speculation and that's not nearly enough to overcome the presumption that state courts operate consistently with the bounds of the Constitution. The sole argument here with respect to the plaintiff's sole argument that she can't get a fair hearing is because either the former judge or the entire state court system is somehow corrupt. I will note that in the plaintiff's complaint there are absolutely no allegations of broader state court corruption. There are certainly no allegations of people calling with allegations of corruption in other states so I'd like to strike those. Those are just not relevant. That's not what's in the complaint. The complaint alleges or tries to allege that one state court judge was somehow corrupt but there is just no allegations to support that real, bare conclusion. I think the only thing in the complaint is that there's allegations based solely on the plaintiff's belief that the former trial court judge who was presiding over her family court case had ex parte communications with some of the defendants. That judge isn't even presiding over the case anymore for completely unrelated reasons so to the extent that the plaintiff had an issue with that judge, that judge isn't even there. But more importantly there's just no allegations in the complaint that make this conclusion that the judge was corrupt in any way plausible. She doesn't say, the plaintiff doesn't allege when these supposed communications occurred with the state court judge, the substance, who was involved, nothing. They're just bare conclusions based solely on information and belief. And Younger's extraordinary circumstances exception cannot be that broad. Federal courts can't be open to anyone who vaguely alleges that the state court system is corrupt with no supporting facts that is directly contrary to the principles of federalism that underlie the Younger abstention. So the district court correctly found that Younger abstention does apply here and correctly abstained. With respect to Woodard, that's a wholly independent jurisdictional basis warranting dismissal and the abstention principles articulated in Woodard, they're identical to the ones here. Of course in that case the plaintiff attempted to use federal constitutional claims as a sword to influence ongoing state court child custody proceedings. That's exactly what the plaintiff here is attempting to do. That plainly violates the principles that underlie all of our abstention doctrines. I will note it is really telling that the plaintiff completely ignores Woodard in her brief. It was one of the bases for the district court's decision. The plaintiff chose not to file a reply brief even though we set forth in great detail in our brief why Woodard applied here full force. That is an egregious omission because Woodard is positive of the plaintiff's claims here. She's waived any argument that Woodard doesn't apply and that is enough basis to affirm the district court's judgment. But waiver aside, of course the similarities between this case and Woodard are insurmountable for the plaintiff. I want to briefly address Mr. McAtelly's assertions that Woodard, I guess today he's arguing that maybe Woodard doesn't apply because it doesn't specifically involve allegations of corruption, but really that's an argument that doesn't advance the ball because, well for a number of reasons. There is a presumption, of course, that state courts are fully capable of adjudicating constitutional claims and a plaintiff has to come forward with specific allegations, plausible allegations, to somehow defeat that presumption and those allegations have to be unambiguous, specific facts. We just don't have that here. So the same principles that underlie Woodard are certainly present here and I think one case that really goes to this was a federal constitutional case stemming from a family court custody battle and the court in that case talked about just how high the plausibility bar is in cases where plaintiffs are alleging these fantastical conspiracies based on assumed facts. And I think that's true state court corruption that somehow implicates child custody orders and the court in Cooney said that is a really high bar. We can't have defendants coming into court unless there's really something there. And we just don't have that here. So the principles that this court articulated in Woodard are fully present in this case. The situation is nearly identical. And then just briefly, I see my time is running out, even beyond the jurisdictional issues. Of course this court can affirm the district court for any reason that's present in the record. And we did move to dismiss pursuant to Rule 12b-6 because jurisdiction aside, the plaintiff has failed to state a claim for all the reasons that I discussed today as to the speculative nature, the implausible nature for allegations. But there's also some other big issues here. We're dealing with judicial immunity that would bar the claim whole cloth against some of the defendants. We have an absolute litigation privilege that would bar the claims against the other defendants. And all of the plaintiff's claims have a really high plausibility bar. So we just clearly don't meet the 12b-6 requirements here. It's another issue that the plaintiff waived, didn't address it in the reply brief. And so for all of these reasons, we ask this court to affirm. Thank you, Ms. Catalano. Mr. Macitelli, any rebuttal? Yes, Your Honor. Thank you. First thing I'd like to address is the statement about two judges in this case. The first judge was removed and was transferred to the criminal division. The second judge was appointed after the second judge was recused by the defendants. And then the third judge became the acting judge who fined me almost $13,000 for filing frivolous litigation that is unsupported, yet it's a document that is supported with scientific literature, with numerous facts that support the fact that, hey, wait, you didn't make the correct decision in this case, and it's continuing to be made. And I ask the court to take into consideration the fact that, okay, so we got rid of the judge who made most of the errors in this case. But what do I got? I got another judge who's assigned that has now threatened me with financial sanctions and then imposed those sanctions against me so that I go on my way and stop litigating these issues. And then we get a letter from the appellate court saying, yeah, we'll give you a chance to brief your action. But defendants must believe that or understand that they have a right to file Rule 375 sanctions. How is that a proper way for any judicial system to operate? It's not. Thank you, Mr. Macitelli. Thank you. Thank you. Thank you to both counsel. The case will be taken under advisement.